08-6029-ag
Yang v. Holder

BIA
Hom, IJ
A077 341 592

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand ten.

PRESENT:
  ROBERT D. SACK,
  REENA RAGGI,
  RICHARD C. WESLEY,
    *Circuit Judges.*

_____

YU YUN YANG,
    *Petitioner*,

        v.                                08-6029-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:      Dehai Zhang, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; David V. Bernal, Assistant
                     Director; Liza S. Murcia, Attorney,
                     Office of Immigration Litigation,
                     United States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yu Yun Yang, a native and citizen of China, seeks review of a December 3, 2008, order of the BIA affirming the July 13, 2006, decision of Immigration Judge ("IJ") Sandy Hom, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Yu Yun Yang, No. A077 341 592 (B.I.A. Dec. 3, 2008), aff'g No. A077 341 592 (Immig. Ct. N.Y. City July 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. See Mei Chai Ye v. U.S. Dep't of Justice, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility finding. Specifically, the IJ properly based his adverse credibility finding on the cumulative impact of

2

Yang's demeanor, dramatic differences in her 2004 and 2006 testimony describing her abortion procedure, inconsistencies regarding her age and the dates when officials informed her that she must undergo a mandatory IUD insertion, and omissions in her father's letter regarding continued threats from Chinese officials. See Tu Lin v. Gonzales, 446 F.3d 395, 401-02 (2d Cir. 2006). Even if we were persuaded by Yang's argument that it was not implausible for a doctor to confirm her pregnancy by checking her pulse, see generally Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 405 (2d Cir. 2005), no remand would be required, as we can confidently predict that "the agency would reach the same result upon a reconsideration cleansed of errors." Li Hua Lin v. U.S. Dep't of Justice, 453 F.3d 99, 107 (2d Cir. 2006) (citing Cao He Lin, 428 F.3d 391, and Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144 (2d Cir. 2006)).

We also find no merit in Yang's claim that the BIA violated her due process rights. To establish a due process violation, an alien must demonstrate "that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007)

(internal quotation marks omitted). The alien also must demonstrate that the alleged due process violation caused her cognizable prejudice. See Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008). Yang has not demonstrated that the BIA's failure to send the initial briefing schedule for her appeal to the correct address denied her a full opportunity to present her claims, deprived her of fundamental fairness, or caused her any prejudice. The BIA granted her an extension on the basis of its mailing error and sent the new briefing schedule to the correct address. Nor has Yang demonstrated that the BIA violated due process by denying her second request for an extension, where she fails even to describe the basis for that request, which is absent from the record.

Yang has presented no argument regarding the denial of her applications for withholding of removal and CAT relief or her illegal departure claim. Those issues are waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with
Federal Rule of Appellate Procedure 34(a)(2), and Second
Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk